Case 4:18-cv-00693   Document 26   Filed on 02/27/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 27, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE ARTHUR HICKMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-693 |
| | § | |
| MELTON ELECTRIC | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendants' Motion to Dismiss (Doc. 23). The court has considered the motion, Plaintiff's response, Defendant's reply, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED** and Plaintiff be given leave to file an amended complaint for the reasons stated below.

### I.  Case Background

Plaintiff, an African-American, filed this employment discrimination complaint against his former employer, Defendant Melton Electric, on March 5, 2018. An amended complaint was filed on July 10, 2018.

#### A.  Factual Background

Plaintiff was employed as a journeyman electrician for

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 13, Ord. Dated June 7, 2018.

Defendant from December 4, 2017, to December 19, 2017, when he was "forced to terminate his employment with the Defendant because of the harassment inflicted by his direct supervisor."[2] Plaintiff characterizes this harassment as a manifestation of racial discrimination.[3]

The alleged harassment is explained in further detail in Plaintiff's original complaint. On December 11, 2017, Plaintiff was assigned to a project under the direction of Steve McClendon ("McClendon"), who is white.[4] Over the course of the following week, Plaintiff alleges that he was subjected to harsh treatment by McClendon. This treatment included receiving "vague instructions" on work assignments and an "unreasonably limited time to complete them."[5] Plaintiff also complains that, in addition to "yelling and cursing," at Plaintiff, McClendon threatened to lay off Plaintiff if Plaintiff was unable to meet the "unreasonable deadlines."[6]

On one occasion, Plaintiff claims that he was assigned a particularly dangerous task by McClendon and a company safety

---

[2] Doc. 17, Am. Compl. p. 3.

[3] See id.

[4] See Doc. 1, Compl. p. 11.

[5] See id.

[6] See id.

inspector reported the unsafe practice to McClendon's superiors.[7] Upon discovering that this particular inspector was African-American, McClendon walked up behind Plaintiff and whispered, "That's your people."[8] After this incident, Plaintiff concluded that McClendon's treatment of Plaintiff was "due to [McClendon's] prejudice against African-Americans."[9]

Plaintiff filed a charge of race discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") after Defendant's Human Resources department refused to take corrective action regarding McClendon's conduct.[10] On January 26, 2018, the EEOC notified Plaintiff that it was unable to conclude that the information provided established a violation of Title VII,[11] and notified Plaintiff of his right to sue within ninety days of receipt of the notice.[12] Plaintiff also filed a complaint with the Occupational Safety and Health Administration ("OSHA"), which refused to take action as Plaintiff was no longer employed by Defendant.[13]

---

[7] See Doc. 1, Compl. p. 5.

[8] See id.

[9] See id.

[10] See Doc. 1, Compl. pp. 9-12.

[11] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

[12] See id. p. 9.

[13] See id. p. 23.

### B. Procedural Background

When Plaintiff set out the factual basis for the lawsuit in the original complaint, he failed to identify any particular statute that the Defendant violated.[14] Documents attached to Plaintiff's original complaint referenced his administrative complaint pursuant to Title VII. In the amended complaint, Plaintiff asserted his discrimination claim under the Fifth and Fourteenth Amendments to the U.S. Constitution, as enforced through 42 U.S.C. § 1983 ("Section 1983").[15]

On September 26, 2018, Defendant filed a motion to dismiss, arguing that Section 1983 is applicable only to state actors and thus inapplicable to Defendant, a private business.[16]

## II. Dismissal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations"

---

[14] See id. pp. 4-7.

[15] See Doc. 17, Am. Compl. p.2.

[16] See Doc. 23, Mot. to Dismiss, pp. 3-4.

but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

### III. Analysis

Plaintiff stated in his amended complaint that he experienced "work place harassment due to racial discrimination" as an employee of Defendant and thus filed this suit under Section 1983.[17] In Defendant's motion to dismiss, Defendant argued that, as a private employer, it is not subject to the Fifth and Fourteen Amendments and does not act under color of state law for purposes of Section 1983 liability.[18] In his response, Plaintiff clarifies that he only sues under Section 1983.[19]

---

[17] See Doc. 17, Am. Compl. pp. 2-3.

[18] See Doc. 23, Mot. to Dismiss, pp. 3-4.

[19] See Doc. 24, Pl.'s Resp. to Def.'s Mot. to Dismiss p. 1.

In order to prevail on a claim under Section 1983, a plaintiff must establish that the defendant deprived the plaintiff of his constitutional rights while acting under the color of state law. Moody v. Farrell, 868 F.3d 348 (5th Cir. 2017). In order to fairly attribute a defendant's action to the state, a plaintiff must show:

> (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible; and (2) that the party charged with the deprivation may fairly be said to be a state actor.

Id., (citing Priester v. Lowndes County, 354 F.3d 414, 423 (5th Cir. 2004)). As characterized by Plaintiff, the discrimination occurred due to personal prejudice of McClendon and there is no allegation that the State of Texas was responsible for McClendon's conduct.[20] In short, Plaintiff has not stated a claim for employment discrimination under Section 1983, and that claim must be dismissed.

However, a complaint filed pro se is to be liberally construed, and, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). Plaintiff's original complaint sued under Title VII, and he referenced the statute again in his response to Defendant's motion to dismiss:

---

[20] See Doc. 1, Compl., pp. 4-6.

6

> This complaint by the plaintiff is pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended. In the 'Trial Brief,'. . . the Plaintiff referred to this legal statute when he explained his case.[21]

The Court acknowledges that Plaintiff did not, in fact, make any mention of Title VII in his amended complaint and his references to Title VII in briefing are not effective to amend his complaint. However, such an oversight resulting from the lack of legal training and experience should not compromise Plaintiff's ability to pursue this claim. The court characterizes Plaintiff's allegations as raising a race discrimination claim pursuant to Title VII. Plaintiff may file a second amended complaint alleging such a claim.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion be **GRANTED** and that Plaintiff be granted leave to file an amended complaint that sets forth a race discrimination claim under Title VII within fourteen (14) days from the date this Recommendation is adopted.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time

---

[21] See Doc. 24, Resp. to Def.'s Mot. to Dismiss, p.3.

period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 27th day of February, 2019.

_____
U.S. MAGISTRATE JUDGE