United States District Court
Southern District of Texas
**ENTERED**
June 06, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE ARTHUR HICKMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-693 |
| | § | |
| MELTON ELECTRIC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff filed this discrimination complaint against his former employer, Melton Electric, on March 5, 2018, pursuant to Title VII of the Civil Rights Act of 1964.[1] On July 10, 2018, Plaintiff filed an amended complaint, dropping his claims under Title VII and raising claims pursuant to 42 U.S.C. § 1983 ("Section 1983").[2]

On September 26, 2018, Defendant filed a motion to dismiss on the grounds that Plaintiff cannot state a claim against it under Section 1983 because Defendant is not a state actor.[3] On March 25, 2019, the court adopted the recommendation of the undersigned that Plaintiff's Section 1983 claims be dismissed.[4] The court granted Plaintiff leave to file an amended complaint that alleged an employment discrimination claim under Title VII within fourteen

---

[1]    See Doc. 1, Pl.'s Employment Discrimination Compl. p. 4.

[2]    See Doc. 17, Pl.'s Orig. Compl. p. 2.

[3]    See Doc. 23, Def.'s Mot. to Dismiss p. 1.

[4]    See Doc. 27, Ord. Adopting Dated Mar. 25, 2019.

days of the date of the order.[5]

Plaintiff failed to timely comply with the court's order, which prompted the undersigned to issue an order on April 22, 2019, giving Plaintiff an additional ten days within which to comply with the court's March 25, 2019 order.[6]  Plaintiff has not complied with either order.

The Federal Rules empower a district court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Fed. R. Civ. P. 41(b); see also Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). Dismissal for failure to prosecute may be upon motion of the defendant or sua sponte.  Clewis v. Medco Health Sols., Inc., No. 3:12-CV-5208-L, 2014 WL 840026, at *3 (N.D. Tex. Mar. 4, 2014), aff'd, 578 F. App'x 469 (5th Cir. 2014) (unpublished).  The court's authority is derived from the court's power to manage its own docket "to ensure the orderly and expeditious disposition of cases."  Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)(quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

To date, Plaintiff has no viable complaint pending before the court despite two court orders that he refile his Title VII allegations or face dismissal of the lawsuit.  The court has had no communication with Plaintiff since October 3, 2018, when he filed

---

[5]    See id.

[6]    See Doc. 29, Ord. Dated Apr. 22, 2019.

his opposition to Defendant's motion to dismiss.[7]  It appears to the court that Plaintiff is no longer interested in pursuing this lawsuit.

It is therefore **RECOMMENDED** that this action be **DISMISSED** for want of prosecution.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 6th day of June, 2019.

Nancy K. Johnson
United States Magistrate Judge

---

[7]     See Doc. 24, Pl.'s Resp. to Mot. to Dismiss.